Dear Mr. Talbot:
You have requested an opinion of this office with regard to "whether the federal Medicare reimbursements levels must be complied with or whether the [Louisiana Health Insurance] Association may institute its own benefits level in lieu thereof.
As you have indicated, your inquiry is governed by the provisions of LSA-R.S. 22:240 (re-enacted as LSA-R.S. 22:3232, effective January 1, 1993), a copy of which was attached to your request.
LSA-R.S. 22:240 A. provides, in pertinent part, as follows:
 A. The association shall offer major medical expense coverage . . . [which coverage] shall pay an eligible person's covered expenses . . .
"Covered expenses" are defined by Subsection B as follows:
 B. Covered expenses shall be the charge payable under the federal Medicare program or as provided in Subsection C hereof . . .
Subsection C. (of LSA-R.S. 22:240) provides as follows:
 C. The Board shall establish reasonable reimbursement amounts for any services covered under the benefits plans which are not included in the federal Medicare program or for which the federal Medicare program reimbursement amounts are not available.
LSA-R.S. 22:240 clearly provides for reimbursement of covered expenses by the Association at the rate payable under the federal Medicare program. Further, this statute gives the Association authority to adopt reasonable reimbursement rates only for services which are not included in or available under the federal Medicare program.
It is therefore the opinion of this office that, with regard to services which are included in or available under the federal Medicare program, the federal Medicare reimbursements levels must be complied with, and the Louisiana Health Insurance Association may not institute its own benefits level in lieu thereof.
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb 0583l